Thank you. Good morning, and may it please the Court. My name is Fay Arfa, A-R-F-A, and I represent Mr. Bartholomew. It seems in this case that Mr. Bartholomew did exhaust all of his remedies. He went through the entire administrative process. He went through the entire state process. Well, he didn't. He never went to the third level. Well, what happened was, in his mind... Well, first of all, let's just factually, did he go to the third level? Well, he didn't, no. Okay. So he didn't exhaust. I think the question is whether the failure to exhaust is either because of the circumstances shouldn't count as a failure to exhaust, or there's a justification for it that's sufficient. Yes. Okay. Well... So what's the justification? The justification is, it seems like he was getting the runaround. You know, he at the second level, the regional coordinator told him to either, one, explain his delay, or two, file his CDC 958, which he did. Okay. And then... Well, let's see. I remember it, but can you remind me what the ñ what's the 958? That's the request for relief as opposed to an appeal, isn't it? It's the request to have his credits restored. Right. So it doesn't satisfy the exhaustion requirement. Correct, but we're talking about justification, and the justification is that's what they told him he could do. Well, just looking at your brief, it says, the appeals coordinator advised Bartholomew that he failed to file a timely appeal. He could either submit an explanation about why he did not file a timely appeal or file this 958, and he apparently chose to file the 958. So why does that justify his failure to proceed to the third level? Well, because what happened was, after that, he went back to the appeals coordinator. And he got no response there. So he said he completed 958. His request was denied. His form returned. Yes. Well, he opted to go down that road. He got turned down, and the process appears to have stopped there. How does that constitute exhaustion? Well, this is justification. You know, he did what he could. So on May 15th of 08, he sent a second request to the appeals coordinator, and he never got a response. So at this point, he feels, look, I didn't get a response. He did what probably any prisoner would do. He wrote the warden. And it doesn't seem like anybody ever told him, you know, you have to go up to a third level of relief, or I don't think he understood it. And so then he just got a letter back from the warden. But even in the letter that he got from the warden, they didn't say, okay, you're supposed to go to the third level, which is the CDCR appeals chief in San Francisco. Does that count as cause and prejudice? Well. Is there an affirmative obligation on the part of the prison official to tell him you need to keep filing appeals or go to the next level? Well, I think there is a due process right to notice of what the procedures are. But we started by saying the appeals coordinator told him he had two options. Either you can give an explanation for why you're late, or you can file for this relief to get the credits restored. He chose to file for the relief and didn't get it. Could that be taken as a decision on his part not to try to explain why it was he hadn't filed a timely appeal? Well, it – well, actually, he probably – the way the letter was written, it seems that a reasonable person would think I have two options. I took one. Then he tried to write them back and say, okay, you know, I took the one option. And, you know, to me that was equivalent. But my question is, assuming you could catapult over all the exhaustion issues and find yourself in the situation where you have to examine prejudice, it seemed that much of the prejudice that was argued in your brief really were, in effect, state procedural protections that really wouldn't be appropriate in habeas relief. So maybe you could help me out and pinpoint precisely what the prejudice is that you're claiming here that we would look at. Yes, well, again, this is a difficult – it is a difficult federal issue. I would concede that. The federal issue is his due process right to – well, there's life, liberty, and we're talking about his liberty. And I cited in my brief a certain amount of prejudice that there is – he lost his credits. Well, okay, so if you have to break that down, is the prejudice that, well, he wrongfully lost his credits because actually he didn't really do this thing that he lost his credits for, or is it that he didn't get the appropriate state process for losing his credits? I mean, I can see 20 different options, but I can't quite pinpoint the one or two that you want us to look at. It's the loss of – it's the state process. Well, then under Wolf – oh, go ahead. No, go ahead. You know, Wolf talks about that you don't really need with respect to imposing state process, that that doesn't really find its way in appropriately to a habeas setting. So I'm not quite sure how we would navigate around Wolf and similar cases. Well, I believe that I did cite some cases in my opening brief and also the reply brief dealing with the prejudice aspect and the cases, and I believe I cited a Washington case, a case out of Washington that deals with credits, and it is difficult. Well, in factual terms, what's the federal right? What's the deprivation? Not following state procedural rules isn't going to get you very far, I don't think. So what's his federal complaint? The federal complaint is, look, I had a right. I have a right to liberty. The credits are related to those rights. Well, I'll accept the proposition. The loss of due time credit is a deprivation. The question is what's the federal due process or other violation that gives rise to a habeas claim? I mean, if it's purely a state procedural defect, the fact that he happens to lose good time and that might serve to justify a federal claim doesn't work because you've got no federal issue. Habeas is available for a violation of a federal right. And what's the federal right that's transgressed? Well, again, it would be due process. But I'm looking at it. But your client claims that the problem here is that he was not permitted to call the witnesses that he wanted to call. Isn't that right? I did want to save a little time for rebuttal. But the problem is that it wasn't that he wasn't – well, here's what he – he believed that, look, the state blew the deadline. I was supposed to be noticed by such and such a date. I did not get my notice. And so they should have dismissed it. I should have never lost my credits. That's what he's claiming. And so he feels that the state missed the timeline. And why does that become a federal issue? I thought the question had something to do with the witnesses that he wasn't permitted to call, which might go to the question as to whether or not he was actually guilty of the offense. Well, in terms of federal – here's my client's thinking. Okay, look, nobody's listening to me. I'm taking my case to federal court. You know, I have a problem here. They won't give me my credits. That's part of my due process rights, life, liberty, and whatever. And nobody's listening. But he has had a hearing. The whole problem is that – with the theory is that he was deprived of his good time credits in a hearing. He doesn't like the hearing. He wanted to take an appeal. It looks like he didn't exhaust all of the remedies he had. But he was given a hearing. I mean, we – and he doesn't dispute that. He was in attendance at the hearing. He has been given process before he was deprived of the credits. So what's the problem? Yes, well, he missed – he didn't know that he could appeal. Or he didn't – he never received notice of the decision is what he's saying. And so he couldn't appeal that. He couldn't get his reviews. He couldn't get all the reviews that he wanted. So that's why we're here. Because every time he tried to say, look, you know, I didn't get my hearing notice in time or whatever. I just want my credits back. It seemed like nobody wanted to listen to him. As an example, when this first came up in state court, they transferred it from Marin to Solano. It's like nobody ever wanted to really deal with it or listen to him or tell him what the process is, make it easy for him. Thank you. So I think that's why we're here. Thank you very much. Good morning. May it please the Court. The issue certified for appeal today is whether or not Mr. Bartholomew's claims are procedurally defaulted. And the short answer is yes, they are procedurally defaulted because the state courts denied his petitions on an independent and adequate state law ground, and that is that he failed to administratively exhaust. They never reached the merits of his petition. There is a connection. I mean, if you accept his claim, and I confess, you may have to look to his informal brief to identify it in so many words, but he claims that he never received the written statement as to the result of the hearing and the reasons for it. And so if he didn't know that he'd lost the good time, there really would be no reason for him to have proceeded within the state system. Isn't that the case? The record that he attached, though, to his state court petition shows that he did receive, and that now becomes that he said the state says something different. But the record that he attached to his state court petition shows that he received a copy after the hearing that showed that he had that credit loss. Okay. What would you refer me to for that? I am actually referring to the California Supreme Court petition. And let me see if I can find exactly where that is. I'm sorry. It's in the... It's in the... State court petition. So it would be towards the end of the supplemental excerpt of record. The state court denial... No, the state court petition... Sorry, it's somewhere along in the 100 in the supplemental excerpt in the 100s. I'm sorry. I mean, the district court granted a motion to dismiss. Yes. Did the district court make a finding someplace that he had, in fact, received notice? The district court found that he had... The district court found that he had received notice, and that the record before the state courts was sufficient to show that he had received notice. Well, the district court said that, in its view, that the factual basis was known to him in 2007, correct? Correct. Correct. And that was in... ER 17 might be one place. It's probably in several places. It's in the supplemental records around page 18, when they were also discussing that he did not actually allege any wolf due process violations in his petitions that would... He's sufficient to find a federal habeas claim, a due process claim, excuse me. The state courts never reached the merits, and the district court, in reviewing the petitions, also rejected his argument that he showed cause that would be sufficient to eliminate the procedural default that the state courts found. The other issue at this point is, regardless of whether or not ultimately his credit loss was determined to be improper and the credits were restored, he is receiving parole consideration, and therefore the credit restoration would not impact the factor duration of his confinement. I mean, it's useful to know it wouldn't matter, but I don't know that we can do anything... No. ...based on that. I guess what I'm really looking for, and I haven't looked at all the pages of the record, so I may just have missed it, but I focused, for example, on the letter or memo back to him from the warden in response to his letter to the warden, which was his jury-rigged effort to proceed on the matter, and it talks a lot about the notice he was given to the hearing and a postponement and so forth, but I don't see anything there that talks about or answers the question, what can we look at or what in the record confirms that, in fact, he was given notice of the results of the hearing? I mean, if you take as a given for a moment, he's made the allegation that he wasn't told the results of the hearing and hence had no reason to know that he needed to make a timely appeal. Okay. I say, let's see, was he given notice of the hearing? And I expect the answer that's probably yes, but so far I haven't found something in the record that demonstrates, in fact, he did get told after the hearing that you've been, these good time credits have been taken away. The state courts, though, reviewed this issue, and the state courts decided that they didn't really, it didn't really matter if he received notice or not because he had not timely filed his appeal. Well, stop and think about that for a second. If you don't get notice, you've lost the good time credit, exactly why would he file an appeal? Well. I mean, he tells a story which strikes me as implausible, but tells me a story that the hearing, the lieutenant, I've forgotten the lieutenant's name if we were given it, eventually got up and left the room and never came back and he didn't put on witnesses and the whole thing seemed to fizzle out and maybe he inferred that because he thinks there was a violation of the California procedural rule that the whole thing went away. Well, that may not have been what happened, but if in mind that's what happened, it's certainly a pretty good explanation for why he doesn't file an appeal from that proceeding if he doesn't know that any result has been rendered where he loses good time credits. But all inmates have a copy of the California regulations, which also include the timelines for filing administrative appeals for anything. But if you don't know. But if you don't have a decision, what would you? I do remember that you commented that he was at the hearing. So if he was at the hearing, he would have known that he was found guilty. Why? Do you have a record? Do you have something that says that? I don't, actually. I mean, here's what he says. So maybe you can tell us why this, in your view, he's wrong. He says, please note that I did not discover the credit loss until I signed my parole board hearing paper on April 11, 2008. That's when I filed my appeal, my 602 appeal. So what document would we look to or statement in the record that says following that hearing, he had noticed that he lost, basically? The documentation that he attached to his California Supreme Court petition, the disciplinary hearing documents, the document that shows that at the end of the hearing, he was found guilty. And I believe it's the last part of the supplemental excerpts record. And I don't actually have an exact page number, and I apologize for that. Well, that seems like a credit, you know, something you might consider to bring to court since it's the linchpin of your argument. Let me ask you, does that document show his receipt of the document at a particular time? It's signed that he was given a copy of the 115, yes. Yes. I will sum up just by saying that this, yes, he procedurally defaulted. The district court also found that he was not timely in filing his administrative appeals. So the fact that he said a year later, oh, when I'm looking at my parole hearing documents, I have this reason for not filing for a year, the district court rejected that argument. The state courts found that he proceeded. Well, let's stop there for a minute, then. Assume for a moment his factual allegation is correct, and he didn't know until the following April he'd lost the good time credit. Is there any support? What's the logic behind what you just offered up as an alternative basis for the district court's ruling? Well, under Woodford v. No, it doesn't matter. He has an obligation to file to follow the administrative procedural guidelines of the State. If he doesn't know he's been sanctioned, he's got an obligation to appeal anyway? Well, the district court found that he was aware of the actual case. Let me ask that. If he doesn't know he's been sanctioned, is it your position he has an obligation to appeal anyway? After the hearing, yes. Why? Because if he had a disciplinary hearing, he knows that he has to do some kind of action, even if it's just asking what the outcome was. Maybe he won. Maybe he won. He's supposed to appeal on the off chance that he didn't win? No. He wouldn't be appealing at all. But if he wondered what the outcome was, then, yes, he has an obligation. Thank you. I'm going to submit. You've used up your time. I'm going to give you a minute of rebuttal. Oh, thank you, because I did find that document that everybody's looking for. It looks like it's the excerpts of record, the supplemental filed by the appellee, on page 101, where it talks about he was found guilty. But it just, there's a checkmark. It says copy given to inmate, and then it has the staff's signature, but it doesn't have his signature anywhere. So we don't know. How was it given to him? So it makes sense, because when we have But if we have that record and we have a state court finding, is there anything else we can do? Well, we can find that his federal rights were violated to due process and notice. That would be it. Because just as a comparison, for example, when his hearing rights and parole, this would be excerpts of record at page 141, the supplemental, he does sign. It says I received a copy of my hearing rights, board report, and notice. So there are procedures where when something's given to an inmate, he would sign for it. And it makes sense in this case that he would have signed for whatever document he got. So he didn't know. So on that basis, there is a federal claim for a due process's right to notice and hearing and the procedural process that he's entitled to under federal law, particularly when we're talking about a loss of credits. And I really appreciate your time. Thank you. Thank you for identifying the document for us. The case just argued, Bartholomew v. Haviland is submitted.
judges: McKeown, Clifton, Bybee